UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20187-CR-UNGARO/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

EMANUEL PEREZ GONZALEZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court upon Defendant Emanuel Perez Gonzalez's ("Defendant" or "Perez Gonzalez") Motion to Suppress Evidence (hereafter, "Motion to Suppress") [D.E. 36]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida by the Honorable Ursula Ungaro, United States District Judge [D.E. 39]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Suppress be DENIED.

## PROCEDURAL BACKGROUND

On March 24, 2016, Perez Gonzalez was charged by way of indictment with the following crimes:

    Count 1:    Receipt of Child Pornography on or about July 28, 2015, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2).

    Count 2:    Distribution of Child Pornography on or about July 29, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

    Count 3:    Distribution of Child Pornography on or about August 8, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

    Count 4:    Possession of Child Pornography in a Memorex Compact Disc on or about October 22, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

  Count 5:  Possession of Child Pornography in a Hewlett Packard Laptop Computer on or about October 22, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

See Indictment [D.E. 9]. Ramon Sarmiento, Esq. ("Attorney Sarmiento") appeared as retained counsel on behalf of Defendant [D.E. 3, 6].

  On July 24 and 25, 2016, respectively, Attorney Sarmiento filed on behalf of Defendant a Motion to Compel Discovery (hereafter, "Motion to Compel") [D.E. 35] and the instant Motion to Suppress [D.E. 36]. The Motion to Compel sought "a copy of the IP address logs, name and descri[ption of] what investigative software/hardware was used and the initial evidence gathered by investigators." See Motion to Compel [D.E. 35 at 1]. Counsel argued that "this forensic information [wa]s relevant to [Defendant's] ability to knowingly waive his rights and change his plea in this matter or determine if he ha[d] a basis to exercise his rights and file a Motion to Suppress and/or go to trial." Id. at 2. After a hearing held on August 8, 2016, the undersigned deemed the Motion to Compel withdrawn, "based on the government's agreed upon production. This ruling [wa]s without prejudice to Defendant seeking additional discovery after review of the agreed upon production, if appropriate." See Order [D.E. 50 at 1-2]. At the time, the undersigned held the Motion to Suppress in abeyance. Id. at 2.

  On September 28, 2016, the undersigned granted Attorney Sarmiento leave to withdraw from his representation of Defendant and appointed Stefanie C. Moon, Esq. to represent Defendant pursuant to the Criminal Justice Act, after declaring him indigent. See Order [D.E. 59].

  At a Status Conference held on October 20, 2016, "the Court deemed Defendant's consistent and continuous refusal to accept the representation of a court-appointed attorney as Defendant's voluntary election to represent himself in the instant matter." See Order [D.E. 78 at 5-6] (citations omitted). "The Court further ordered Ms. Moon to stay in the case as standby

2

counsel 'so that in the event Defendant wishes to ask her any questions during any court proceedings, she is available to guide Defendant as to the correct court procedures and to help Defendant with strategy.'" Id. at 6 (citing Transcript of Status Conference at *13).

## THE HEARING ON THE MOTION TO SUPPRESS

The undersigned initially set a hearing on the Motion to Suppress that had been held in abeyance for October 20, 2016 [D.E. 66]. At the government's request, the undersigned continued the hearing to November 3, 2016 [D.E. 70, 71]. On October 28, 2016, Ms. Moon filed a Notice of Schedule Conflict [D.E. 81]. Therein, Ms. Moon stated:

- Undersigned counsel informed *pro se* Defendant Perez Gonzalez of this schedule conflict on October 25, 2016.

- To date, p*ro se* Defendant Perez Gonzalez has not expressed an opinion regarding continuance of the hearing or proceeding without stand-by counsel present.

- In an abundance of caution, undersigned counsel determined that the Court should be informed of this schedule conflict.

See Notice of Schedule Conflict [D.E. 81 at 1-2].

At the outset of the November 3rd hearing, the undersigned inquired of Defendant if he had a copy of the Motion to Suppress [D.E. 36] and the government's response [D.E. 43] and if he had reviewed them. Defendant responded that he has a copy of the documents but that he doesn't exactly know what they are about because it was Mr. Sarmiento who filed those papers. The undersigned then asked Defendant if he would like to meet with Ms. Moon so she could go over the motion and the response and discuss them with him and explain anything in them that he does not understand, to which Defendant responded "Your Honor, I don't know how to 'voluntary' answer that question." The undersigned then attempted three more times in various ways to obtain a "yes" or "no" answer from Defendant as to his desire to consult standby counsel regarding the Motion to Suppress. Each time, Defendant repeated that he did not know how to

3

"voluntary" answer that question.

The undersigned then asked the government to articulate its opposition to the Motion to Suppress. After the government stated the various grounds upon which it opposes the Motion to Suppress, the undersigned asked Defendant whether, after having heard the government's points in opposition to the Motion to Suppress, he wanted to discuss the matter further with standby counsel prior to any ruling on the Motion. Defendant stated again, "I don't know 'voluntary' how to answer that question." The undersigned deemed this response to be a negative answer to the undersigned's question.

## **RECOMMENDATION**

As previously noted, Attorney Sarmiento filed the Motion to Suppress at the same time he filed a Motion to Compel, seeking information about the investigative program used in the case and indicating that such information would be relevant to the Motion to Suppress. The government has since disclosed additional information that is not reflected in the Motion to Suppress. Moreover, Defendant's acknowledgement that he does not understand the Motion, coupled by his persistent refusal to avail himself of the opportunity to consult with standby counsel regarding the Motion, forecloses its supplementation. Having found the Motion to Suppress to be obsolete, the undersigned RESPECTFULLY RECOMMENDS that it be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Ursula Ungaro, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 4th day of November, 2016.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Ursula Ungaro

　　　AUSA Ignacio Vazquez, Jr.

　　　*Pro se* Defendant Emanuel Perez Gonzalez
　　　13063-104
　　　Miami Federal Detention Center
　　　Inmate Mail/Parcels
　　　P.O. Box 019120
　　　Miami, Fla. 33101

　　　Standby Defense Counsel Stefanie Moon