1

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
              Case No. 16-20187-Cr-UNGARO

UNITED STATES OF AMERICA,     )
                              )
         Plaintiff,           )
                              )
    -v-                       )
                              )
MANUEL PEREZ GONZALEZ,        )
                              ) Miami, Florida
         Defendant.           ) October 20, 2016
                              ) 11:13 a.m.


                    Pages 1-14

           TRANSCRIPT OF STATUS CONFERENCE

         BEFORE THE HONORABLE URSULA UNGARO

                U.S. DISTRICT JUDGE


APPEARANCES:

For the Government      IGNACIO J. VAZQUEZ, JR.
                        Assistant U.S. Attorney
                        99 Northeast 4th Street
                        Miami, Florida  33132-2111


For the Defendant       STEFANIE C. MOON, ESQ.
                        1408 South Andrews Avenue
                        Fort Lauderdale, Florida  33316

                        (Interpreters present)



REPORTED BY:            WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558          Official Court Reporter
                        400 North Miami Avenue
                        Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1              (Call to order of the Court)
 2              THE COURT:  Okay.  Good morning.
 3              The case before the Court is the United States versus
 4    Emmanuel Perez Gonzalez, 16-20187.
 5              Who's here for the United States?
 6              MR. VAZQUEZ:  Good morning, Your Honor.  Ignacio
 7    Vazquez on behalf of the United States.
 8              THE COURT:  And for the defendant?
 9              MS. MOON:  Good morning, Your Honor.  Stephanie Moon
10    on behalf of Mr. Perez Gonzalez, who is seated with me at
11    counsel table.  We have the interpreter present.  But
12    Mr. Gonzalez has asked that she just be on standby.
13              THE COURT:  Well, I think this.  I think,
14    Mr. Gonzalez, you should put your earphones on and I think the
15    interpreter should at least interpret what I say.  Then, if
16    you want to try to express yourself in English, I have no
17    problem with that.  But I don't want there to be any
18    misunderstanding as to what I say this morning.
19              Okay, Mr. Perez?
20              THE DEFENDANT (all through the interpreter):  Yes,
21    Your Honor.
22              THE COURT:  Okay.  Have a seat.
23              So can I just ask you a couple questions,
24    Mr. Vazquez, because in looking at this, I have to admit --
25    this is probably a poor choice of words -- my curiosity has
```

1   been aroused about something related to the case, which is,
2   what is this place where Mr. Perez was living?  Is it a
3   rooming house?  What is it?
4           MR. VAZQUEZ:  Your Honor, the residence where
5   Mr. Perez Gonzalez was living is a townhouse with multiple
6   rooms, and the owner, the person with the property interest,
7   would rent out individual rooms to people.
8           THE COURT:  So how many people lived there?
9           MR. VAZQUEZ:  Seven.
10          THE COURT:  Seven?
11          MR. VAZQUEZ:  Seven.
12          THE COURT:  And how many bedrooms were there in this
13  townhouse?
14          MR. VAZQUEZ:  I believe there were four.
15          THE COURT:  Four.
16          And did Mr. Perez, as far as you know, have his own
17  room?
18          MR. VAZQUEZ:  He shared a room.
19          THE COURT:  With whom?
20          MR. VAZQUEZ:  With a lady who he was dating.
21          THE COURT:  Okay.  Fine.
22          And how long did he live there, as far as we know?
23          MR. VAZQUEZ:  Several months, for a while.
24          THE COURT:  It's not years.  Months.
25          MR. VAZQUEZ:  I don't know if it was multiple years,

1   but he was there for an extended period of time.
2           THE COURT: Okay. Fine.
3           So the reason we're here, Mr. Perez, is because we
4   have not been able to move the case forward due to issues
5   relating to your mental competency and your relationship with
6   your lawyers.
7           Now, as you know, you were represented by
8   Mr. Sarmiento and apparently you paid Mr. Sarmiento to
9   represent you. But in the course of yours and Mr. Sarmiento's
10  relationship, unhappiness arose and as a result of that
11  Mr. Sarmiento, who is not required to represent you if you do
12  not cooperate with him, moved to withdraw and persuaded the
13  magistrate judge that it would be appropriate for him to
14  withdraw because at that point you and he had conflicting
15  interests.
16          Now, you may not like that, but that is the situation
17  where we are. I have no power to make him represent you, and
18  you have no power to make him represent you either. If you
19  have a disagreement with him and you think that he has treated
20  you unfairly, the only recourse you have is in the civil law
21  system to sue him for return of your money.
22          Understand me?
23          THE DEFENDANT: Yes, I do understand that, and I did
24  file a complaint with the bar, the attorney bar, and I did
25  that approximately two to three weeks ago.

```
 1                 THE COURT:  Okay.  Fine.
 2                 So now what happened is you were determined to be
 3       indigent, meaning you did not have the funds to hire your own
 4       lawyer.
 5                 Do you have the funds to hire your own lawyer?
 6                 THE DEFENDANT:  No, I do not.  I do not have that
 7       right now.  But I also have my family on whom I can count on.
 8                 But would I be able to explain something to you now,
 9       Your Honor?
10                 THE COURT:  Sure.  You can explain anything you want
11       to me and I'm ready to listen.
12                 THE DEFENDANT:  Thank you very much, Your Honor.
13                 The reason why my attorney and I had a conflict, it
14       was not a personal reason.  Most of all, the reason we had
15       that conflict was one of his personal representation of me,
16       his professional representation of me in my case, he made
17       mistakes.
18                 As you can probably see from the record, I was here
19       on July 25th.  It was a Monday and I was here, and your
20       secretary, your courtroom deputy, reprimanded my attorney very
21       harshly.
22                 So then that's when I realized at that point and I
23       said to myself, one moment; how is this possible; how can my
24       attorney be making mistakes on my case, mistakes of a legal
25       nature.  This is a serious matter for me because this matter
```

1   is affecting me in my case.
2           Then, later on, the motions in my case were not able
3   to proceed.  These were some motions that he had filed.  Those
4   motions were referred to Judge Otazo-Reyes and on that
5   particular day three things happened, three of them:  One was
6   the motion to compel evidence; the motion for Mr. Sarmiento to
7   withdraw; and on that particular day also there was a motion
8   order for me for mental competency, and that happened there
9   that same day, and I was not able to get the advice from my
10  attorney.  He was not able to instruct me, to prepare me.
11          THE COURT:  He wasn't able to prepare you for what?
12          THE DEFENDANT:  To prepare me to be able to decide as
13  to what was going to happen or not happen in court that day
14  right there as things were happening in court that day.
15          THE COURT:  So, Mr. Perez, this is all very
16  interesting.  But Mr. Sarmiento is not your lawyer anymore.
17  We have gone beyond that.  If you have differences with
18  Mr. Sarmiento, then you and Mr. Sarmiento must settle those
19  differences outside of this proceeding.
20          So I'm not sure I understand your point.  What is
21  your point?
22          THE DEFENDANT:  Well, my point is very clear.  I
23  don't want the Court to get involved in deciding as to an
24  attorney.
25          THE COURT:  Listen, you only have two choices.  Let's

1  be clear.  Right?  I'm not going to play games with you.  You
2  have two choices.  Having been found indigent and not having
3  hired -- actually you have three choices since you haven't
4  hired your own lawyer yet:  Hire your own lawyer, and you have
5  to do so immediately because I'm not going to late; work with
6  the lawyer who has been appointed to represent you because you
7  have been found at this point to be indigent; or represent
8  yourself.  One of those three it has to be, because the case
9  is moving forward.
10         So you tell me what is it.  I can tell you're
11 competent -- there's no question about your competency -- and
12 it's obvious to me you're also highly intelligent.
13         So what would you like to do:  Represent yourself or
14 be represented by Ms. Moon until you get a lawyer?
15         And by the way, I don't want to hear that you don't
16 have confidence in Ms. Moon.  Ms. Moon is a highly qualified
17 lawyer.  We don't allow anyone here to work as a defense
18 lawyer, court-appointed or not, who does not meet very high
19 qualifications.  And on top of it, Ms. Moon used to be a
20 prosecutor.  She's a very experienced lawyer.  She's very well
21 known to the Court, and I have every confidence in her.
22         Now, what the record reflects is that you have not
23 cooperated with her.  So either you cooperate with her or you
24 represent yourself.  Which would you like to do?
25         THE DEFENDANT:  Well, Your Honor, actually I would

1  like to be able to ask a question and I don't want you to get
2  upset with me.  I don't want you to think that I'm just trying
3  to get away with doing the things the way I like them.
4        THE COURT:  Okay.  Ask me a question.  Just try to
5  stay focused on point here.
6        THE DEFENDANT:  The only thing that I wanted to tell
7  you is that I have the right to choose the attorney of my
8  preference.
9        THE COURT:  Only if you can pay for it.
10       THE DEFENDANT:  Correct.
11       THE COURT:  Okay.  So now you need to tell me, do you
12 want to represent yourself?  I'm fine with it.  You wouldn't
13 be the first one.  It would be very foolish.  It would be
14 unbelievably foolish.  But I'm happy to have you represent
15 yourself.
16       THE DEFENDANT:  Well, I filed an appeal regarding the
17 issue with Mr. Sarmiento.
18       THE COURT:  I can't make Mr. Sarmiento represent
19 you.  So your appeal is denied.
20       THE DEFENDANT:  Well, okay.  Well, then,
21 Mr. Sarmiento has to appear because of all the mistakes that
22 he made on my case and he was --
23       THE COURT:  No, no, wrong, wrong.  To quote one of
24 our presidential candidates, that's wrong.  If you have
25 differences with Mr. Sarmiento, they will have to be resolved

1  outside of this proceeding at this point.

2  THE DEFENDANT: All right. Well, I apologize, Your
3  Honor. But I would like to ask you and I would like to
4  insist -- Mr. Sarmiento did not finish his work and he left
5  without finishing his work, and the Court has allowed him to
6  leave.

7  THE COURT: He's gone. He is gone. That's true. He
8  is gone and now it is up to you outside of this proceeding to
9  deal with Mr. Sarmiento. This has nothing to do really with
10 why we're here. Either you work with Ms. Moon or you
11 represent yourself. It's up to you. What would you like to
12 do?

13 THE DEFENDANT: If I were able to represent myself --
14 Mr. Sarmiento filed a motion. A motion to suppress evidence
15 he filed. That was on July 25th. So how am I able to defend
16 this motion, this motion to suppress? I'm not the one who
17 prepared it. It's Mr. Sarmiento who did so.

18 THE COURT: Well, if you want to represent yourself,
19 you can withdraw Mr. Sarmiento's motion and file your own
20 motion.

21 THE DEFENDANT: So, well, why is that? If he's the
22 one who prepared it, then why should it be that way? He
23 should come back and he should finish that motion and then
24 after that he can leave.

25 THE COURT: He's gone and he's not coming back.

1   That's it, Mr. Perez. He's gone. He's not coming back. He's
2   not your lawyer anymore. I can't make him be your lawyer.
3   You can't make him be your lawyer. If you want to sue him,
4   sue him. If you want to complain to the bar, complain to the
5   bar. But he's not your lawyer anymore. He's not coming
6   back. I can't make him be your lawyer and you can't make him
7   be your lawyer either. You somehow managed to create a
8   situation where the two of you did not have corresponding
9   interests and, in Mr. Sarmiento's view, it became impossible
10  to represent you ethically.
11          Now, I don't know what happened and, frankly, I'm not
12  very interested in what happened. The fact of the matter is
13  he's gone, gone, totally gone, not coming back. I can't make
14  him represent you. You can't make him represent you either.
15          So now the question is, do you want to represent
16  yourself or do you want to be represented by Ms. Moon? If you
17  want to be represented by Ms. Moon, who is a very experienced,
18  qualified attorney, you have to cooperate with her. You have
19  to talk to her. You have to trust her.
20          So what would you like to do? And please don't talk
21  to me again about Mr. Sarmiento because I am not interested.
22          THE DEFENDANT: Well, the attorney that I had before
23  was a private attorney. It was an attorney that was hired and
24  was paid by my family and by me, and that is the reason why I
25  am asking the Court to realize that I want an attorney of that

1  category.  I want an attorney who's a private attorney.
2          THE COURT:  So I think Ms. Moon is an attorney of
3  that quality.  I don't have any problem reaching that
4  conclusion, you know.  So I don't know what your problem is.
5  Who are you to say what quality of an attorney Ms. Moon is?
6  Is it because she was appointed to represent you?  Is that why
7  you think it?  If that's the basis for your conclusion, you
8  are sadly mistaken.  We don't allow just anybody to come in
9  here and represent indigent defendants.  We screen them.  They
10 have certain qualifications.  Actually, it's a very small
11 group that's allowed to do this.  And Ms. Moon has appeared in
12 front of me for many years.  I know the quality of her
13 representation.
14         So you have to make up your mind:  Ms. Moon or
15 represent yourself.  What would you like to do?  And this is
16 probably about the tenth time I've asked you that question.
17 So what would you like to do?
18         THE DEFENDANT:  Yes, Your Honor, I do understand all
19 of your points.  But...
20         THE COURT:  But what?
21         THE DEFENDANT:  I have the right, I have the right to
22 get my own attorney, an attorney of the quality of the
23 attorney that I used to have, an attorney who is a private
24 attorney.
25         THE COURT: Well, if you have the money, by all

```
 1  means, please, tomorrow go hire a lawyer.
 2           THE DEFENDANT:  Well, that's what I'm doing.  I'm
 3  fighting for that.  I want Mr. Sarmiento to give my money back
 4  to me so that I can hire another attorney that I want.
 5           THE COURT:  You will have to discuss that with
 6  Mr. Sarmiento.  I have no power to make Mr. Sarmiento give you
 7  your money back.
 8           So, Mr. Perez, we have to go forward in the case.
 9  I'm not going to wait any longer.  We've waited long enough
10  for you.
11           So, again, do you want to represent yourself or do
12  you want to be represented by Ms. Moon?  How many times do I
13  need to ask you?
14           THE DEFENDANT:  Your Honor, you don't have to ask me
15  that many times.  I do understand your questions.  The only
16  thing is that I do want you to understand me also.  I want to
17  be able to get my own attorney.  I don't want an attorney that
18  is selected for me by the Government.
19           THE COURT:  She was not selected by the Government if
20  by "the Government" you mean the U.S. Attorney's Office.  She
21  was selected for you by the Court.  The Court and the U.S.
22  Attorney's Office are not aligned.  I stand between the United
23  States Attorney's Office and the defense.  So she was not
24  appointed by the Government if by "the Government" you mean
25  the prosecutor's office.  That's not the way the system works.
```

          Now, look, if you've got the money, by all means go
hire a private lawyer.  But you'll be hard pressed, unless
you've got a lot of money, to find a lawyer as good as
Ms. Moon.
          Now, you can either, again -- really, this is letting
a little boring -- again, you can either work with Ms. Moon or
represent yourself.  Which is it?
          THE DEFENDANT:  I am within my right.  I will not
accept an attorney that has been appointed to me by the Court
or has been appointed to me by the prosecutor's office.  I
will not accept that and I am --
          THE COURT:  Okay.  Well, then, I conclude that what
you're telling me is that you wish to represent yourself.  So
that's great.  I'm happy to have you represent yourself.
          THE DEFENDANT:  I won't.  I will not be representing
myself because the Court has decided to let Sarmiento go, to
appoint an attorney selected by the Court without taking into
account my position.
          THE COURT:  Okay.  So it's really great that you're
going to be representing yourself.
          Now, what I am going to ask Ms. Moon to do is to stay
in as what we call standby counsel, so that in the event you
wish to ask her any questions during any court proceedings,
she is available to guide you as to the correct court
procedures and to help you with strategy.  But otherwise you

1  are on your own, and I am looking forward to that trial.  It
2  will be interesting.
3          Okay.  Do we have a trial date?
4          THE COURTROOM DEPUTY:  We do, Judge.  The suppression
5  hearing is, I believe --
6          MS. MOON:  The 3rd.
7          THE COURT:  Oh, the 3rd of November?
8          THE COURTROOM DEPUTY:  And the two-week calendar is
9  on the 14th.
10         THE COURT:  So you do have this motion to suppress
11 pending and I guess it's set on the motion to suppress that
12 was drafted by Mr. Sarmiento.  Is that right, Ms. Moon?
13         MS. MOON:  It is, Your Honor.
14         THE COURT:  Okay.  So, Mr. Perez, go to the
15 suppression hearing.  Do the best you can.  If you don't like
16 the suppression hearing motion that Mr. Sarmiento filed, then
17 you file your own.  But you have to do that within the next
18 five days.  Okay?  Because the hearing is set very soon.
19         Okay.  So good luck.  Looking forward to seeing you
20 again.
21         (Recessed at 11:40 a.m.)
22    *    *    *    *    *    *    *    *    *    *
23              C E R T I F I C A T E
24    I certify that the foregoing is a correct transcript
25 from the record of proceedings in the above-entitled matter.