```
 1              IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
 2
                          MIAMI DIVISION
 3
                   CASE NO.:  16-cr-20187-UU-1
 4

 5

 6

 7  UNITED STATES OF AMERICA,   )
                                )
 8            Plaintiff,         )
    v.                          )
 9                              )         August 8, 2016
    MANUEL E. PEREZ GONZALEZ,   )
10                              )
              Defendant.         )         Pages 1 - 14
11  _____/

12

13

14

15
                       HEARING PROCEEDINGS
16
         BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
17               UNITED STATES MAGISTRATE JUDGE

18

19

20
    APPEARANCES:
21

22
    On behalf of the Plaintiff:
23
                        UNITED STATES ATTORNEY'S OFFICE
24                      Miami Special Prosecutions Section
                        99 Northeast 4th Street, Room 806,
25                      Miami, FL 33132
                        BY:  IGNACIO JESUS VAZQUEZ, JR., AUSA
```

```
 1
 2  APPEARANCES CONTINUED:
 3  On behalf of the Defendant:
 4                          RICHARD BARON & ASSOCIATES
                            501 NE 1st Avenue
 5                          Suite 201,
                            Miami, FL 33132
 6                          BY:  RAMON SARMIENTO, ESQ.
 7
 8  Transcribed by:
 9                          BONNIE JOY LEWIS, R.P.R.
                            7001 SW 13 Street
10                          Pembroke Pines, FL  33023
                            954-985-8875
11                          caselawrptg@gmail.com
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              (Thereupon, the following proceeding was held:)
 2              THE COURTROOM DEPUTY:  The United States District
 3  Court for the Southern District of Florida is now in session.
 4              THE COURTROOM DEPUTY:  The Honorable Alicia M.
 5  Otazo-Reyes presiding.
 6              THE COURT:  Good morning, everyone.
 7              MR. SARMIENTO:  Good morning, Judge.
 8              The United States of America versus Manuel Perez
 9  Gonzalez; Case Number 16-20187-criminal-Ungaro.
10              Counsel, please state your appearances for the record.
11              MR. VAZQUEZ:  Good morning, Your Honor.
12              Ignacio Vazquez on behalf of the United States.  I am
13  joined with me is Special Agent Tim Devine (phonetic).
14              MR. SARMIENTO:  Good morning, Your Honor.
15              Ray Sarmiento on behalf of Manuel Perez Gonzalez who
16  is joining me here at counsel table.
17              THE COURT:  Good morning.  Please be seated.
18              Let's see.  I have the motion to suppress and a motion
19  to compel discovery referred to me.  I have set those.  And you
20  wanted to do the motion to compel discovery first so I moved
21  that one up.  And then, in the middle of all that, I got the
22  motion to withdraw.  So I set that one also for this morning.
23              And I believe that Mr. Sarmiento offered to provide
24  additional explanation for the conflict that he states has
25  arisen and any irreconcilable differences to the Court.
```

1          So I will ask Mr. Sarmiento to come to sidebar.  Mr.
2   Sarmiento only and I will hear what he has to say.
3   (Sidebar discussion was held off the record.)
4          THE COURT:  All right.  I have conferred with counsel.
5   And I am going to proceed to make inquiry of the Defendant,
6   himself, regarding this matter of the conflict with his
7   attorney.
8          So I am going to ask my deputy clerk to place him
9   under oath at this time.
10         THE COURTROOM DEPUTY:  Please stand and raise your
11  right hand.
12  (Witness sworn.)
13         THE DEFENDANT:  (Through interpreter)  Yes.
14         THE COURTROOM DEPUTY:  You may be seated.
15         Please state your full name for the record.
16         THE DEFENDANT:  Manuel Emilio Perez Gonzalez.
17         THE COURT:  All right.  Mr. Perez Gonzalez, I am going
18  to ask you some questions regarding the matter that your
19  attorney has raised that there are irreconcilable differences
20  that rise to a conflict of interest between him and you that
21  has prompted him to file the motion to withdraw as counsel.
22         Do you understand?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  How old are you, sir?
25         THE DEFENDANT:  38 years.

1          THE COURT:  How far did you get in school?
2          THE DEFENDANT:  Up to 12th grade, high school.
3          THE COURT:  Did you do your studies here or in your
4 native country?
5          THE DEFENDANT:  In my native country.
6          THE COURT:  Which is, as I understand it, Nicaragua?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  How long have you been in the States?
9          THE DEFENDANT:  Approximately 18 years.
10         THE COURT:  And what do you do for a living?
11         THE DEFENDANT:  I work in the installation of impact
12 doors and windows.
13         THE COURT:  And are you under any medications?
14         THE DEFENDANT:  No, Your Honor.
15         THE COURT:  So you understand this proceeding and you
16 are prepared to go forward?
17         THE DEFENDANT:  Yes, Your Honor.
18         THE COURT:  All right.  Sir, so tell me without
19 disclosing communications with your attorney, essentially what
20 your position is regarding your attorney's request that he be
21 allowed to withdraw from further representation of you.
22         THE DEFENDANT:  Okay.  Firstly, thank you for allowing
23 me to be here.
24         Actually, I had conversations with my attorney asking
25 him to provide evidence, written evidence, of what they have in

1  regards to myself.

2       For instance, like Government evidence, which is the
3  most important ones that the Government has in regards to me.
4  And I have been told that the Government did not want to submit
5  them.  And I have been here like a little bit more than five
6  months.

7       THE COURT:  So are you telling me that you do not
8  trust what your attorney has told you?

9       THE DEFENDANT:  I do trust him, but if I do not have
10 the written evidence as it is and if I do not have what I ask
11 of him, well, I am in a bad situation.

12      THE COURT:  Well, if you trust him and he presumably
13 has provided you everything that is available to him, what more
14 do you want him to do?

15      THE DEFENDANT:  For instance, I've been sending e-mail
16 messages, messages by e-mail, asking for bail.  That it is so
17 far from me to be able to have bail and I have asked that two,
18 three times, and I have had no answers whatsoever.

19      THE COURT:  Let me hear from the Government as to Mr.
20 Perez Gonzalez as to bond?

21      MR. VAZQUEZ:  Yes, Your Honor.

22      He was provided a bond by Judge White.  Based on
23 evidence that we received we asked to increase his bond to
24 pretrial detention.  Judge White maintained his bond.  I
25 believe it's a $180,000 bond.  Something in that vicinity.

1          Mr. Sarmiento has argued in favor of his client on
2   this bond and it is not a financial amount that is available
3   for him.
4          He is also under an arrest warrant for sexual battery
5   on a child by the State of Florida.  So, in the event that he
6   were to post bond, he would be taken into custody by State of
7   Florida officials.
8          So there is no effective mechanism for him to be
9   released out from jail.  I know Mr. Sarmiento has knowledge of
10  that from his communications with the State of Florida.
11         THE COURT:  Let me ask Mr. Sarmiento, have you
12  explained all this to your client?
13         MR. SARMIENTO:  I have, Your Honor.
14         In fact, when the Government filed a motion requesting
15  pretrial detention, I had to file a written pleading objecting
16  to that request.
17         We had an evidentiary hearing when the Government
18  first asked for the detention.  I have explained these matters
19  to my client.  I have explained to my client that there is an
20  arrest warrant that has been issued at the state level.
21         In fact, I have filed an appearance at the state level
22  case in order to be able to get evidence regarding that matter
23  to be able to disclose that to him so he has a good
24  understanding of the facts of that case.  I have explained
25  everything regarding the bond.

1      There have been requests in the e-mails regarding the
2 bond status.  I may not have directly responded to the e-mail,
3 but during my visits to him, I have discussed this with him at
4 length.  I think we are past that point.
5      We are set for trial.  I cannot revisit the bond at
6 this point in time.  And as Mr. Vazquez has said, the fact that
7 the state has levied that arrest warrant, there really isn't
8 anything we can do to get him out of federal custody at this
9 point.
10      THE COURT:  So Mr. Perez Gonzalez, it is my
11 understanding that your counsel has explained to you the bond
12 situation.  And your complaint is that he did not respond in
13 writing to your e-mail, as opposed to explaining these things
14 to you verbally at a meeting.
15      Is that your concern?
16      THE DEFENDANT:  Your Honor, I have sent e-mails to my
17 attorney three times.  Three times I have sent e-mails to my
18 attorney and I have not received a reply or seen him.
19      THE COURT:  But my understanding, sir, is that you
20 raised a concern about bond.  Your attorney has represented to
21 me that he has explained to you your bond situation.
22      The fact that you send him and e-mail and he does not
23 respond by e-mail does not mean that he has not responded.  He
24 is telling us that he responded to you and explained to you the
25 situation verbally.

```
 1            So I am having a hard time understanding what your
 2   complaint is.  Is it that you do not understand your bond
 3   situation, or is it that you want to get an answer to each and
 4   every e-mail that you send to your attorney?  Which is it?
 5            THE DEFENDANT:  No, Your Honor.
 6            I want to know, to this date it has been five months,
 7   what is the amount of the bond?  I want to know five months
 8   later is the amount of the bond.  If the amount of the bond has
 9   been reduced or not.  I want to know that status.
10            THE COURT:  Let me see both counsel.
11   (Sidebar discussion off the record.)
12            THE COURT:  All right. Based on my inquiries of the
13   Defendant, and after further discussion with both Defense
14   counsel and the Government, I find that there is a basis here
15   to refer the Defendant to the prison system authorities for a
16   mental competency evaluation.
17            And I am going to order that at this time and they
18   will conduct the evaluation.  It will involve both
19   psychological testing and inquiries.  And I find that -- do I
20   need to find Mr. Vazquez -- do I need to make any specific
21   factual findings on the record for this?
22            MR. VAZQUEZ:  I believe if the Court places on the
23   record that based on its interaction with the Defendant --
24            THE COURT:  Right.
25            MR. VAZQUEZ:  -- that there is cause to submit the
```

1  Defendant to a forensic evaluation by the Bureau of Prisons
2  that will satisfy the statute.
3           THE COURT:  All right.  So I place that determination
4  on my interaction with the Defendant.
5           And in particular, with respect to my inquiry into his
6  concerns about bond and his insistence and apparent lack of
7  communication with me regarding what his concerns were.  And
8  his repeating that he still does not know what his bond
9  situation is, even though it has been explained to him numerous
10 times.
11          I am concerned that there is a lack of understanding
12 on the part of the Defendant.  And just a misapprehension of
13 what the situation is.
14          In his case, using the bond as an example, I suspect
15 based on the motion to withdraw that there are other instances,
16 but I do make a formal finding that there is cause to refer the
17 Defendant for a forensic mental competence evaluation.
18          Having made that determination, I will deny without
19 prejudice the motion to withdraw at this time.  Should that
20 motion be appropriate to be re-raised after we get the results
21 of the evaluation, then, of course, Mr. Sarmiento, you are free
22 to do so.
23          At this time, I will also place in abeyance -- well, I
24 will place in abeyance the motion to suppress, but it is my
25 understanding that there is some sort of agreement with regard

1  to additional discovery that the Government is prepared to
2  provide.
3          And I believe that we need to conduct a colloquy
4  regarding what Mr. Sarmiento is requesting and the feasibility
5  of those requests based on representations of the witness that
6  the Government has brought today.
7          MR. VAZQUEZ:  Yes, Your Honor.
8          On behalf of the United States, we have the Special
9  Agent, forensic Special Agent who will be assisting Mr.
10 Sarmiento.
11         I believe, at this point, when Mr. Sarmiento will be
12 asking for today -- you can correct me on the record -- is
13 access to IP logs which are generated while the investigative
14 software is running and I think that is all that he will be
15 asking for to see.
16         MR. SARMIENTO:  That is correct, Your Honor.
17         The motion to compel was asking for access to the IP
18 logs and for the Government to name the described investigative
19 software that they used at the onset of this case.
20         Friday the Government officially provided me with the
21 information of the investigative software that they provided in
22 this case.  So on that front, the motion to compel was
23 successful.
24         The next step is the IP logs.  The Government is going
25 to allow me access for a second time to review them and so we

1  will be doing that today.  So, at this point, I have told the
2  Government that in terms of the motion to compel, we are ready
3  to withdraw that at this point because the Government has
4  complied.
5          THE COURT:  All right.  So, then, on the record we
6  deem the motion to compel withdrawn because Defense counsel is
7  satisfied with the Government's production at this time.
8          MR. SARMIENTO:  That is correct.
9          THE COURT:  So you can proceed with that review this
10 afternoon.  And should you require additional assistance later,
11 then, I recommend that you wait until after we have the results
12 of the evaluation.
13         And then, you know, restart if need be, the motion to
14 withdraw.  If that is not needed, then, to restart any motion
15 to compel as you think is necessary.  And I will put back on
16 the calendar the motion to suppress if that is, you know,
17 advisable at this time.
18         MR. VAZQUEZ:  Your Honor, just so we're clear, some of
19 this evidence is very highly technical for us.  And the agents
20 that we have here are experts in this field beyond my ability.
21         So what I am going to try, just so we don't have to
22 waste the Court's time in future, what I envision happening is
23 that Mr. Sarmiento is going to see the log.  He is not going to
24 be given a copy of the log.
25         So the agents, and justifiably so, are sensitive in

1  disclosing into the public how the software functions.  We do
2  not -- Mr. Sarmiento, this will be the third time and he has
3  been very diligent.  The third time he comes down to a
4  Government office to review the evidence because on the nature
5  of the evidence, we can't turn it over in discovery because it
6  has contraband images and videos.
7         He has looked at that.  He has looked at cash values.
8  He looked at a specific log, but we are not going to be giving
9  him copies of the software.  He is not going to the have access
10 to mull around the software.  He is going to have access to
11 view, with the guidance from the agents, with the agent at the
12 controls looking at what he's asking for and that's what we are
13 prepared to allow him to see.
14         MR. SARMIENTO:  I have discussed this with the court
15 appointed expert.  And I am aware of the parameters and I
16 understand that.  So that's fine.
17         THE COURT:  All right.  So we will proceed in that
18 fashion.
19         As I said, should anything come out of that and should
20 Defense counsel, if he remains in the case, feel that any kind
21 of additional evidence is necessary for Defense, then, of
22 course -- what I am trying to say is, by considering this
23 motion to compel withdrawn, I don't want to foreclose Defense
24 counsel from requesting further relief in the future.  That is
25 what we want --

 1          MR. SARMIENTO:  Thank you, Your Honor.
 2          MR. VAZQUEZ:  Thank you, Your Honor.
 3          THE COURT:  All right.  So with that the motion to
 4  withdraw is denied without prejudice.  I will enter an order
 5  for a mental competency evaluation by the prison officials.
 6          I will deem the motion to compel discovery to be
 7  withdrawn, at this time, without prejudice from seeking further
 8  relief in the future.  And I will hold the motion to suppress
 9  in abeyance.
10          All right.  Thank you very much.
11          (Thereupon, the proceedings concluded.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1

 2                          CERTIFICATE

 3

 4        I hereby certify that the foregoing transcript is an

 5   accurate transcript of the audio taped proceedings in the

 6   above-entitled matter.

 7

 8

 9

10
     04/10/17                     Bonnie Joy Lewis,
11                        Registered Professional Reporter
                             CASE LAW REPORTING, INC.
12                           7001 Southwest 13 Street,
                            Pembroke Pines, Florida 33023
13                                 954-985-8875

14

15

16

17

18

19

20

21

22

23

24

25
```