UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20187-CR-UNGARO/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

EMANUEL PEREZ GONZALEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION RE: RESTITUTION

**THIS CAUSE** came before the Court upon an Order of Reference to Magistrate Judge issued by the Honorable Ursula Ungaro, United States District Judge "for a Report and Recommendation as to the issue of restitution to be imposed on the defendant's Judgment and Commitment Order [D.E. 174]. The undersigned held an evidentiary hearing on this matter on May 10, 2017 [D.E. 178]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Court impose the amount of **$32,500.00** as restitution on Defendant Emanuel Perez Gonzalez's ("Defendant" or "Perez Gonzalez") Judgment and Commitment Order.

### PROCEDURAL BACKGROUND

On March 24, 2016, Perez Gonzalez was charged by way of Indictment with the following crimes:

    Count 1:    Receipt of Child Pornography on or about July 28, 2015, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2).

    Count 2:    Distribution of Child Pornography on or about July 29, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

| | |
|---|---|
| Count 3: | Distribution of Child Pornography on or about August 8, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). |
| Count 4: | Possession of Child Pornography in a Memorex Compact Disc on or about October 22, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). |
| Count 5: | Possession of Child Pornography in a Hewlett Packard Laptop Computer on or about October 22, 2015, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). |

See Indictment [D.E. 9]. Defendant was convicted of all five counts and sentenced to a prison term of 1,200 months. See Judgment and Commitment Order [D.E. 145].

On May 7, 2017, the government submitted its Pre-Restitution Hearing Narrative Statement [D.E. 176]. Therein, the government indicates that it relies on the written materials submitted to the Court and defense counsel. Id. at 1. Additionally, the government made a factual proffer at the evidentiary hearing and presented Agent Chinelle Medina ("Agent Medina") for cross-examination by defense counsel [D.E. 179]. The government requests a restitution award of $32,500 for child pornography victim Vicky, consisting of $30,000 in general restitution and an additional $2,500 in attorney's fees.

## FACTUAL FINDINGS

1.   At the evidentiary hearing, Agent Medina credibly testified that images of Vicky appear in the following child pornography materials in the possession of Perez Gonzalez: 2 videos on a CD; 5 videos on a laptop located under his bed; and a 23 minute video distributed by Perez Gonzalez and downloaded by government agents.

2.   Given the identification of these materials, the undersigned finds that Perez Gonzalez received, possessed and distributed images of Vicky.

## APPLICABLE LAW

Title 18, United States Code, Section 2259 prescribes restitution for victims in child

pornography cases as follows:

> (b) Scope and nature of order.—
>
> (1) Directions.—The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
>
> (2) Enforcement.—An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
>
> (3) Definition.—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for—
>
>> (A) medical services relating to physical, psychiatric, or psychological care;
>>
>> (B) physical and occupational therapy or rehabilitation;
>>
>> (C) necessary transportation, temporary housing, and child care expenses;
>>
>> (D) lost income;
>>
>> (E) attorneys' fees, as well as other costs incurred; and
>>
>> (F) any other losses suffered by the victim as a proximate result of the offense.
>
> (4) Order mandatory.—(A) The issuance of a restitution order under this section is mandatory.
>
>> (B) A court may not decline to issue an order under this section because of—
>>
>>> (i) the economic circumstances of the defendant; or
>>>
>>> (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

18 U.S.C. § 2259. In ordering restitution:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.

18 U.S.C. § 3664(e).

In <u>Paroline v. United States</u>, 134 S. Ct. 1710 (2014), the United States Supreme Court determined that "[r]estitution is . . . proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." <u>Id.</u> at 1722. Once causation is established, courts must consider the following factors in assessing the amount of restitution:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

<u>Id.</u> at 1728. The Court cautioned that

> [t]hese factors need not be converted into a rigid formula, especially if doing so would result in trivial restitution orders. They should rather serve as rough guideposts for determining an amount that fits the offense. The resulting amount fixed by the court would be deemed the amount of the victim's general losses that were the "proximate result of the offense" for purposes of § 2259, and thus the "full amount" of such losses that should be awarded.

<u>Id.</u>

## DISCUSSION

### A.   **Proximate cause**

The supporting materials submitted by the government to the Court and to defense counsel amply support the contention that, as result of her exposure in child pornography materials, Vicky has sustained the following economic losses: $113,600.00 in future counseling expenses; $53,330.00 in education and vocational counseling needs and lost part-time income during schooling; $828,150.00 in lost earnings; and $92,371.96 in out of pocket costs incurred relative to restitution documentation. <u>See</u> Brief in Support of Restitution Claim [D.E. 164 at 1]

(filed under seal) (hereafter, "Brief").[1]

Based on the foregoing factual findings regarding the appearance of images of Vicky in the 2 videos on a CD, the 5 videos on a laptop, and the 23-minute video distributed by Perez Gonzalez and downloaded by government agents that contain child pornography materials in the possession of Perez Gonzalez, the undersigned concludes that Perez Gonzalez's offenses proximately caused Vicky's losses.[2]

### B. Restitution amount

Following the guidance provided by the United States Supreme Court in Paroline, the undersigned considers the following factors in determining the restitution amount.

#### 1. *The number of past criminal defendants found to have contributed to the victim's general losses.*

According to the government, Vicky has received 769 prior restitution orders, as to which 581 defendants have actually made some payments. See Brief [D.E. 164 at 12]. At the May 10th hearing, Perez Gonzalez proffered that the correct number of restitution orders was 830 as of October 12, 2016, based on documentation from another Vicky case, United States v. Miltier, No. 2:15cr151, 2016 WL 6821087, at *1 (E.D. Va. Nov. 17, 2016). The undersigned adopts the figure of 830 from Miltier.

#### 2. *Reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses.*

#### 3. *Any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted).*

---

[1] These losses add up to $1,087,451.96. The government's submission incorrectly totals them as $1,085,718.09. Id. at 12.

[2] At the May 10th hearing, Perez Gonzalez argued that certain costs incurred by Vicky between 2009 and 2017 should not be deemed proximately caused by him because she has previously received funds towards those costs from restitution orders imposed on other defendants and his conviction did not occur until 2017. The undersigned rejects this argument since Perez Gonzalez proffered no evidence of any temporal apportionment of funds and the government proffered that Perez Gonzalez began possessing images of Vicky since at least 2009.

The Miltier court declined to apply these factors, finding them to be "incredibly speculative." Miltier, 2016 WL 6821087, at *5 (citing United States v. McIntosh, No. 4:14cr28, 2014 WL 5422215, at *6 (E.D. Va. Oct. 22, 2014)).[3] The undersigned reaches the same conclusion with regard to these two factors.

### 4. *Whether the defendant reproduced or distributed images of the victim.*

The undersigned has found that Perez Gonzalez distributed the 23-minute video that government agents downloaded. According to the government proffer at the evidentiary hearing, the video depicts Vicky engaging in oral, vaginal and anal intercourse with an adult male.

### 5. *Whether the defendant had any connection to the initial production of the images.*

According to the government, Perez Gonzalez "had no part in the production of the images of [Vicky's] abuse." See Brief [D.E. 164 at 12].

### 6. *How many images of the victim the defendant possessed.*

As noted above, Perez Gonzalez possessed images of Vicky in 2 videos on a CD, 5 videos on a laptop, and a 23-minute video downloaded by government agents. The government provided no information regarding the length of the videos on the CD and the laptop. At the evidentiary hearing, the parties agreed that, for sentencing purposes, a 5-minute video is assumed to contain 75 images. The sentencing guidelines also provide that, if a video is substantially more than 5 minutes, an upward departure may be warranted. See U.S. Sentencing Guidelines Manuel § 2G2.2, Application Note 6(B)(ii) (U.S. Sentencing Comm'n 2016). Assuming a 75 image per 5 minute ratio; and assuming that the CD and laptop videos did not exceed 5 minutes each, the undersigned estimates the number of images as follows:

CD videos = 75x2= 150 images

---

[3] McIntosh is another case involving a restitution order for Vicky. Id. The government included the McIntosh opinion in its supporting materials as part of Exhibit 11 (filed under seal).

6

Laptop videos = 75x5 = 375 images

Downloaded 23-minute video (approx. five 5-minute videos) = 75x5 = 375 images

Total estimate = 150+375+375 = 900 images

### 7. *Other facts relevant to the defendant's relative causal role.*

As noted above, the 23-minute video depicts Vicky engaging in oral, vaginal and anal intercourse with an adult male. Moreover, the government submits that the images of Vicky "as a whole include both very graphic and sadistic images[.] The circumstances portrayed are humiliating for her. This fact is highlighted by the nature of the comments made online by those interested in viewing her images." See Brief [D.E. 164 at 12].[4] The undersigned accepts this assessment.

Consideration of the Paroline factors results in the following conclusions. The first and fifth factors support a reduced restitution award, given that 830 defendants have already been ordered to pay restitution to Vicky and that Perez Gonzalez had no connection with the production of Vicky's images. The second and third factors are not applied because they are too speculative. The remaining factors support an enhanced award given that Perez Gonzalez distributed Vicky's images and possessed an estimated 900 images; and that the images are very graphic, sadistic and humiliating. Therefore, the undersigned finds by a preponderance of the evidence that a restitution award in the requested principal amount of $30,000 is appropriate in this case.

### C. Attorney's fees amount

As noted above, Title 18, United States Code, Section 2259 provides for inclusion of attorney's fees in a restitution award. 18 U.S.C. § 2259(b)(3)(E). At the evidentiary hearing, the

---

[4] The government submitted an extensive collection of online comments as Exhibit 9 of its supporting materials (filed under seal).

7

government proffered that Vicky's attorney is requesting a fee award of $2,500 composed of: $1,750 for five hours of work on this case at $250 per hour; plus an additional $750, representing a portion of the overall time spent with Vicky and her family. The undersigned finds by a preponderance of the evidence that this request is reasonable and supported by the record.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Court impose the amount of **$32,500.00** as restitution on Defendant Emanuel Perez Gonzalez's Judgment and Commitment Order, with payments to be made to "Carol L. Hepburn in trust for Vicky," mailed to 200 1st Ave W., Suite 550, Seattle, WA 98119-4203, payable immediately, and with a recommendation that Defendant satisfy his restitution obligation through the Inmate Financial Responsibility Program during his incarceration.

The parties have until **May 19, 2017** to serve and file objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 15th day of May, 2017.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Ursula Ungaro
      Counsel of record

8