UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CR-20187-UNGARO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**

**MANUEL PEREZ GONZALEZ,**

        **Defendant.**

_____/

### DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING RESTITUTION

COMES NOW, Defendant Manuel Perez Gonzalez, by and through undersigned counsel and respectfully requests that the District Court review and reverse the Magistrate's Report and Recommendation (hereinafter "R&R") granting the Government's request for $32,500 in restitution for the reasons set forth below.

As an initial matter, pursuant to Federal Rule of Criminal Procedure 59(b), the District judge must consider any objections to a Magistrate's Recommendation *de novo*. For the sake of brevity, Defendant will not reargue all of his arguments below, but incorporate the transcript of the restitution hearing into this pleading.[1]

As explained below, Defendant objects to the following:

    1. the R&Rs conclusion and reasoning that the Government met its burden of proof;

    2. crediting the Government's proffer at the hearing, instead of the Narrative Statement filed of record;

---

[1] Undersigned counsel has submitted a CJA 24 Form requesting an expedited transcript of the restitution hearing to the court for consideration.

1

3. determining, without analysis or specific calculation, that "Vicky" is entitled to $30,000 in general restitution; and

4. the R&Rs conclusion that the Government has demonstrated sufficient proximate cause between the defendant's conduct and the requested attorney's fees.

A. The Government Failed to Meet Its Burden of Proof

As indicated in the R&R, the Government submitted its Pre-Restitution Hearing Narrative Statement (D.E.176), wherein it relies on the written materials submitted to the Court by "Vicky's" defense counsel. The Government also made a factual proffer at the restitution hearing; and made Special Agent Chinelle Medina available for cross-examination by undersigned counsel. Notably, Special Agent Medina offered no information whatsoever regarding the specific amount of $32,500 in restitution requested by the Government. *See* Transcript, pgs. 26-28.

Pursuant to 18 U.S.C. 3664(e), restitution is contingent upon the Government's ability to prove "the amount of the loss sustained by a victim **as a result of** the Defendant's crime" by a preponderance of the evidence (emphasis supplied). Here, the Defendant contends that the Magistrate erred in crediting the Government's factual proffer at the hearing which was directly contradicted by its Pre-Restitution Narrative Statement as to how many images of the victim the defendant possessed and whether the defendant distributed images of the victim, among other material facts. *See* Transcript, pgs. 22-24. Thus, the Defendant believes the Government has failed to meet its burden of proof. *See United States v. Hanlon,* 2015 U.S. Dist. LEXIS 7833 (M.D. Fla. January 23, 2015).

B. Lack of Calculation of the Appropriate Amount of Restitution

In *Paroline v. United States*, 134 S.Ct. 1710 (2014), the United States Supreme Court held that restitution is "proper under 18 U.S.C. 2259 **only to the extent the defendant's offense proximately caused a victim's losses** (emphasis supplied)." As discussed in *Paroline*, proximate cause is a flexible concept that "generally refers to the basic requirement that…there must be

some **direct relation** between the injury asserted and the injurious conduct alleged (emphasis supplied)." *See United States v. McDaniel,* 631 F.3d 1204, 1208-09 (11th Cir. 2011).

When considering the *Paroline* factors in the case at bar, the Government has identified one victim: "Vicky." The Defendant objects to the Magistrate's conclusion that he received, possessed and distributed 900 of "Vicky's" images. Particularly, Defendant objects to the Magistrate's statement that "the parties agreed that, for sentencing purposes, a 5 minute video is assumed to contain 75 images." In fact, undersigned counsel specifically clarified for the Magistrate that under the United States Sentencing Guidelines, a video is attributed with 75 images and videos in excess of five minutes are subject to enhancement for sentencing purposes only. The Defendant also objects to the Magistrate's translation of a twenty-three minute video into five 5 minute videos, which then equates to 375 images. *See Transcript,* pgs. 30-32 7 41-42.

As to Vicky's losses, the Government's Narrative Statement provides losses which total $1,087,451.96. In *United States v. Miltier,* 2016 WL 6821087 (E.D. Va. Nov. 17, 2016), "Vicky's" counsel submitted that Vicky had received 830 restitution orders totaling $858,093.85. As such, "Vicky's" outstanding losses as of last fall were $229,358.11. The other factor relevant to Defendant's causal role is that the nature of the images was sadistic.

As discussed in footnote 2 of *United States v. Miltier,* the court in *United States v. McIntosh,* 2014 WL 5422215 (E.D. Va. Oct. 22, 2014), a case submitted by the Government in support of its request for restitution in this matter, calculated the appropriate amount of restitution to be the number of images of "Vicky" multiplied by $1.96 per image. Other courts have calculated the appropriate amount of restitution by dividing the remaining amount of loss by the number of restitution orders or the total loss divided by the number of restitution orders. Here, the Magistrate recommends $30,000 as the appropriate amount of restitution without any indication of how that figure was calculated. *See* Transcript, pg. 30-32.

Moreover, the Magistrate erred in recommending a $2500 attorney's fee award. The request was made in the Government's Narrative Statement, without any supporting documentation in the Exhibits. "Vicky's" attorney's declaration does not support an award for

five hours of work on this case; instead it is a general declaration regarding her work with Vicky and her family dated prior to this case being filed. Indeed, as to $750 of the requested fees, the attorney plainly stated that they are for her "general" work. *See* Transcript, pgs. 28-30. As such, Defendant argues that the Government has failed to prove any proximate cause between the requested attorney's fees and his offense.

C. Conclusion

For the foregoing reasons, the Court should reject the Magistrate Judge's Report and Recommendation (D.E. 180), and order restitution in an appropriate amount which the Government has proved by a preponderance of the evidence is proximately caused by this Defendant.

Respectfully submitted this 18th day of May, 2017,

/s/ Stefanie C. Moon
Stefanie C. Moon, Esq.
Fla. Bar. No. 0074195
S.C. MOON LAW
1408 S. Andrews Avenue
Ft. Lauderdale, FL 33316
Tel: 954.530.7182
Fax: 954.341.1044
Email: scmoon@scmoonlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF on May 18, 2017 on all counsel or parties of record pursuant to the Service List below.

/s/ Stefanie C. Moon
Stefanie C. Moon

## SERVICE LIST

AUSA Ignacio Vazquez
ignacio.vazquez@usdoj.gov