**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-20187-CR-UNGARO/OTAZO-REYES**

**UNITED STATES OF AMERICA**

vs.

**MANUEL PEREZ GONZALEZ,**

    **Defendant.**
_____/

**<u>RESPONSE IN OPPOSITION DEFENDANT OBJECTIONS TO THE MAGISTRATE COURT'S REPORT AND RECOMMENDATION</u>**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Response in Opposition to the Magistrate Court's Report and Recommendation Restitution as set forth below.

**1. The Government Evidence Met the Evidentiary Burden**

Based on the materials provided to Court and defense counsel, the government met its burden of proof and the Magistrate entered a proper award. Prior to the restitution hearing the government provided written materials which documented the grounds for the Victim's claim, from the Victim's perspective (DE164), along with a subsequent Pre-Restitution hearing Narrative Statement (DE176). At the restitution hearing the government also presented the live testimony of an agent to support its claim who personally participated in this investigation.

The testimony of the case agent supplemented and did not contradict the government narrative statement, which merely provided an outline of the anticipated evidence. The materials submitted to the Magistrate the significant personal and economic harm inflicted upon the victim due to the trafficking of her images. There is thus no factual basis to concluded that the government failed to meet its evidentiary burden.

### 2. The Defendant's Conduct is Proximate Cause of Harm Suffered by the Victim

*In Paroline v. United States,* 134 S.Ct. 1710 (2014), the United State Supreme Court held that every convicted consumer and distributor of child pornography, such as the defendant, should contribute to the recovery of his or her victims. The *Paroline* held that injury and damage are foreseeable consequences of this crime, that restitution should be ordered and that it should not be a "token or nominal amount." *Paroline,* 134 S.Ct. at 1727.

While *Paroline* affirms that proximate cause is required under Section 2259, it recognizes the "atypical causal process underlying the losses . . ." suffered by a victim in these circumstances. *Paroline,* 134 S.Ct. at 1722; see also *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1010 (9th Cir. 2011) (Section 2259 "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction."). Each time a person, such as the defendant, downloads and distributes an image of the victim, the victim is reoffended.  The defendant's conduct participated in a new crime notification to the victim, which confirmed to her that her suffering remains a valued commodity on the darkest corners of the internet.

The defendant is a proximate cause of the victim's harm as his conduct ensnared the victim in the legal system and made clear that she remained the object of a lascivious offender. *United States v. McDaniel*, 631 F.3d 1204, 1209 (11th Cir. 2011). The defendant's conduct individually harmed the victim by forcing her to address a new crime, and contributed to the unresolved psychological harm. Plainly, the victim did not ask for the defendant to download her images, yet because the defendant did so she has bene forced to grapple with relates of this individual defendant's actions.

The government maintains that based on the evidence presented in advance of the and at the hearing, the Magistrate had a factual basis to conclude the loss amount. Further, the Magistrate Court's order is also proper given that the sheer number of orders of restitution does not correlate to the amount of restitution the victim has actually received.

Additionally, the Magistrate's was also supported by submitted evidence of loss experienced by victim. As Perez Gonzalez notes, differing courts have utilized distinct metrics for determining loss, and there is thus no binding mathematical precedent as to quantify the value of the suffering per image. However, objectively we do know that that here the defendant was found guilty of a child pornography distribution, and thus his responsibility for the exponential speared of the victim's images is heightened as compare to an idle posser.

Further, "*Paroline* confirms Congress contemplated attorney's fees to be the proximate result of a conviction under Chapter 110, which includes § 2252A(a)(2)." *United States v. Grant*, No. 16-15972, 2017 WL 2210893, at *6 (11th Cir. May 19, 2017). Here counsel submitted a written assessment of work done on behalf of the victim. Because of the defendant the victim utilized counsel to respond to the resulting crime notification. Representation of the victim requires interfacing with law enforcement across the United States and abroad, it is neither a simple or inexpensive. Accordingly, under victim counsel's submission and the scope of the practice at issue, the Magistrate's Order was proper.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's objection to the Magistrate Court's report and Recommendation.

        Respectfully submitted,

        BENJAMIN G. GREENBERG
        ACTING UNITED STATES ATTORNEY

By:   /s/ Ignacio J. Vázquez, Jr.
        Ignacio J. Vázquez, Jr.
        Assistant United States Attorney
        Florida Bar No. 16275
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9318
        Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded to the Clerk of the Court through the EM/ECF system on June 1, 2017.

        /s/ Ignacio J. Vázquez, Jr.
        Ignacio J. Vázquez, Jr.
        Assistant United States Attorney