UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cr-20187-UU

UNITED STATES OF AMERICA,

v.

EMANUEL PEREZ GONZALEZ,

    Defendant.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon the United States' Restitution Claim as to Defendant. D.E. 164.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised of the premises.

## PROCEDURAL BACKGROUND

This matter was referred to Magistrate Judge Alicia M. Otazo-Reyes, who, on May 15, 2017, issued a Report (the "Report") recommending that the Court impose $32,500 in restitution to "Vicky", the only victim identified in this case. Defendant timely filed objections to the Report. D.E. 181. The Government timely filed a response to Defendant's Objections on June 1, 2017. D.E. 183. *See LoConte*, 847 F.2d 145 (holding that failure to file timely objections bars the parties from attacking factual findings on appeal).

Upon *de novo* review, the Court affirms and adopts the Magistrate Judge's factual findings and proximate cause analysis. The Court also adopts the Magistrate Judge's examination of the restitution factors set out in *Paroline v. United States*, 134 S. Ct. 1710 (2014), but finds that the analysis is incomplete. As Defendant pointed out in his Objections, the

1

Magistrate Judge concluded that Vicky is entitled to $30,000 in general restitution without providing any basis or calculation for how she came to that figure. Accordingly, the Court sustains the Defendant's objection as to the general restitution amount, rejects the Magistrate Judge's $30,000 award, and provides a legally supported calculation and resulting award amount below. Further, while the Court adopts the Magistrate's finding that Vicky is entitled to attorney's fees for work performed by her attorney on this particular case, the Magistrate Judge miscalculated the fee amount. As such, the Court rejects the $1,750 attorney's fee award for work done directly on this case and instead awards $1,250. The Court also rejects the Magistrate Judge's recommendation that an additional $750 in attorney's fees "representing a portion of the overall time spent with Vicky and her family" be awarded. Report, at *8. Instead, the Court sustains the Defendant's objection that the Government failed to demonstrate sufficient proximate cause between the Defendant's conduct and the requested attorney's fees with respect to the $750 amount.

## LEGAL FRAMEWORK

Title 18, United States Code, Section 2259 prescribes restitution for victims in child pornography cases as follows:

> The order of restitution under this section shall direct the defendant to pay the victim…the full amount of the victim's losses as determined by the court…the term "full amount of the victim's losses" includes any costs incurred by the victim for—(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; attorney's fees, as well as other costs incurred; (E) and any other losses suffered by the victim as a proximate result of the offense.

However, Section 2259 provides no guidance for how courts should calculate restitution amounts in each case. After reviewing the Fifth Circuit's remand of a denial of restitution pursuant to § 2259, the Supreme Court attempted in *Paroline* to "answer the question of how

district courts should go about determining the proper amount of restitution." 134 S. Ct. at 1727-28. The Court recognized that a restitution award pursuant to § 2259 "cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment. But that is neither unusual nor novel, either in the wider context of criminal sentencing or in the more specific domain of restitution." *Id.* at 1728. Accordingly, the Court concluded that a district court's assessment of a defendant's role in a child-pornography victim's losses is not substantially different from when courts apportion liability in multiple-defendant cases to reflect the level of each defendant's contribution to the victim's loss. *Id.* Looking to *Paroline*, a number of district courts analyzing restitution claims for Vicky have calculated the individual defendant's liability by dividing the total amount of Vicky's losses[1] by the number of restitution orders that have issued directing payment of restitution to Vicky. *See U.S. v. Miltier*, 2016 WL 6821087 (E.D. Va. Nov. 17, 2016); *U.S. v. Watkins*, 2014 WL 3966381 (E.D. Ca. Aug. 13, 2014); *U.S. v. Hernandez*, 2014 WL 2930798 (E.D. Ca. June 26, 2014). The Court finds this approach most in-line with *Paroline* and thus, applies that calculation to the instant case.

## ANALYSIS

I.   Defendant's Apportioned Liability

At the Hearing, the Defendant proffered that the correct number of restitution orders for Vicky was 830 as of October 12, 2016, based on documentation from *Miltier*, 2016 WL 6821087, at *1. The Magistrate Judge adopted that figure and the Court affirms and adopts that figure, as well. Accordingly, with the addition of the restitution order in *Miltier*, there have been a total of 831 restitution orders for Vicky. The Government proved by a preponderance of the evidence that Vicky has suffered general losses in the amount of $1,087,451.96. When the total

---

[1]   As established by the Government by a preponderance of the evidence.

loss amount is divided by the total number of restitution orders for Vicky,[2] Defendant's apportioned liability is $1,308.61. *See Watkins*, 2014 WL 3966381; *Hernandez*, 2014 WL 2930798 (E.D. Ca. 2014). Accordingly, the Court awards $1,308.61 in restitution for general losses attributable to the Defendant.

II.     Attorney's Fees

At the Hearing, the Government proffered that Vicky's attorney requested $2,500 in attorney's fees to cover: (i) $1,750 for five hours of work done on this case at a rate of $250 per hour; and (ii) an additional $750 representing a portion of the overall time spent with Vicky and her family. Courts may award attorney's fees as part of a § 2259 restitution order when such fees can be tied to work done on the individual case at bar. *United States v. Watkins*, 2015 WL 3966381 at *7 (E.D. Ca. Aug. 13, 2014). *See also Hernandez,* 2014 WL 2930798 at *9. While the Court agrees that Vicky is entitled to attorney's fees for work done directly on this case, five hours of work at a rate of $250 per hour amounts to $1,250. The Government did not provide any reason or accounting for the additional $500 amount requested. Consequently, the Government failed to demonstrate by a preponderance of the evidence that Vicky's attorney performed an additional $500 worth of work on this case. *See* 18 U.S.C. § 3664(e). Accordingly, the Court orders a restitution award of $1,250 for Vicky's attorney's fees in this case.

With respect to the additional $750 "representing a portion of the overall time spent with "Vicky" and her family", courts addressing restitution for Vicky have consistently declined to award apportioned attorney's fees. "Because attorney's fees (unlike psychological injuries Vicky has suffered and the economic consequences of those injuries) are traceable to particular cases involving specific defendants, they should not be included in general losses to be apportioned." *Watkins*, 2015 WL 3966381 at *7; *See also Hernandez,* 2014 WL 2930798 at *9; *United States*

---

[2]     $,1087,451.96 divided by 831.

*v. Hicks*, 2009 WL 4110260 at *5 (E.D. Va. Nov. 29, 2009). Accordingly, given that the additional $750 is not attributable to work done in relation to this case, the Court respectfully rejects the Magistrate Judge's recommendation to award Vicky $750 in general attorney's fees.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

(1) The Report, D.E. 180, is **RATIFIED**, **ADOPTED**, and **AFFIRMED** *in part* in so far as the Magistrate Judge's factual findings, proximate cause analysis, and examination of the *Paroline* restitution factors;

(2) The remainder of the Report, D.E. 180, is respectfully **REJECTED**;

(3) Movant's Objections, D.E. 21, are **SUSTAINED** *in part* in so far as the lack of calculation provided for the total loss amount and attorney's fees attributed to Defendant;[3] and

(4) Vicky is awarded a total of **$2,558.61** in restitution with the mathematical breakdown of the award as follows:

    a. **$1,308.61** for general losses attributable to the Defendant;

    b. **$1,250** for attorney's fees attributable to the Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of June, 2017.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record via cm/ecf

---

[3] These objections are numbered "3" and "4", respectively, in Defendant's Objections. D.E. 181 at *2.