### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

FILED BY ___ABM___

*Apr 16, 2018*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIA

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 16, 2018

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  17-11018-FF
Case Style: USA v. Manuel Gonzalez
District Court Docket No: 1:16-cr-20187-UU-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit
_____

No. 17-11018
_____

District Court Docket No.
1:16-cr-20187-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL PEREZ GONZALEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: March 16, 2018
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 04/16/2018

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11018
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20187-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL PEREZ GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Manuel Perez Gonzalez appeals his 1,200 month sentence following his convictions for one count of receipt of child pornography, two counts of possession of child pornography, and two counts of distribution of child pornography. Gonzalez contends his total sentence is grossly disproportionate to his offenses in violation of the Eighth Amendment prohibition against cruel and unusual punishment, and that his sentence is both procedurally and substantively unreasonable.  After review, we affirm.

## I.  Eighth Amendment Claim[1]

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  Although the Eighth Amendment does not require strict proportionality between a crime and its sentence, it does forbid sentences grossly disproportionate to the crime.  *Ewing v. California*, 538 U.S. 11, 24 (2003).  But "[t]he Supreme Court has made it clear that '[o]utside the context of capital punishment, *successful* challenges to the proportionality of sentences [are] exceedingly rare.'"  *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005)

---

[1] Ordinarily, we review the legality of a sentence under the Eighth Amendment de novo. *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012).  But where, as here, the defendant did not object on Eighth Amendment grounds before the district court, our review is only for plain error.  *Id.*  To establish plain error, the defendant must show "there is (1) error (2) that is plain and (3) that affects substantial rights."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).  "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *Id.* at 1291.

(per curiam) (quoting *Solem v. Helm*, 463 U.S. 277, 289-90 (1983)) (emphasis and alterations in original), *cert. denied*, 546 U.S. 893 (2005).

To succeed on his disproportionality claim, Gonzalez must, at the threshold, show his sentence is grossly disproportionate to the offenses of conviction. *United States v. McGarity*, 669 F.3d 1218, 1256 (11th Cir. 2012). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Moriarity*, 429 F.3d 1012, 1024 (11th Cir. 2005) (citation omitted).

We turn, therefore, to the statutory limits for Gonzalez's convictions. Gonzalez was convicted of one count of receipt of child pornography, which carries a statutory maximum punishment of 20 years imprisonment. *See* 18 U.S.C. § 2252(a)(2), (b)(1). He was also convicted of two counts of distribution of child pornography, each of which carries a statutory maximum punishment of 20 years imprisonment. *See* 18 U.S.C. § 2252(a)(2), (b)(1). Finally, Gonzalez was convicted of two counts of possession of child pornography involving a prepubescent minor, each of which carries a statutory maximum punishment of 20 years imprisonment. *See* 18 U.S.C. § 2252(a)(4)(b), (b)(2). All told, Gonzalez was subject to a statutory maximum of 100 years, or 1,200 months, imprisonment.

"If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or

more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  U.S.S.G. § 5G1.2(d). "We have held that § 5G1.2(d) requires that sentences run consecutively to the extent necessary to reach the defendant's guidelines range."  *United States v. Davis*, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (per curiam); *see also United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (rejecting a proportionality challenge to a defendant's 140-year sentence for multiple child pornography offenses and holding that imposing multiple consecutive statutory maximum terms to fulfill a guideline recommendation constitutes a sentence within the statutory maximum).  Gonzalez's guidelines range was life in prison.[2] The district court's decision to impose multiple consecutive statutory maximum terms to fulfill that recommendation is consistent with this Court's precedent.

Gonzalez asserts that his case does not lend itself to the application of the general rule that a sentence within the limits imposed by statute does not violate the Eighth Amendment because he is "a first time offender" who was effectively given "a life sentence without the possibility of parole" for "a non-violent offense." We are not persuaded.  Gonzalez was a prolific consumer of child pornography—a forensic analysis of his computer revealed 2,188 videos of child pornography were downloaded between March 24, 2013 and September 27, 2015.  Several of the

---

[2]  Gonzalez objects to the use of U.S.S.G. § 2G2.2 to calculate his guidelines range. We reject that contention for the reasons discussed in Section II.

videos were over five minutes long, many depicted children under the age of twelve, and some depicted sadistic or masochistic acts. He also disseminated approximately 758 videos. Gonzalez emphasizes that he "never touched any of the victims depicted in the images or videos." This Court has, however, consistently rejected efforts to minimize the harm caused by consuming child pornography. "It goes without saying that possession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded by [the defendant], in large part, because individuals like [the defendant] exist to download the images." *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005). Moreover, a witness who was sixteen years old at the time of trial testified that, when she was nine years old, Gonzalez digitally penetrated and raped her. Gonzalez has failed to establish that the district court plainly erred by imposing a grossly disproportionate total sentence.

## II.   Reasonableness of the Sentence[3]

Gonzalez contends his sentence is procedurally unreasonable because the district court used U.S.S.G. § 2G2.2 to calculate his advisory sentencing range. In support, Gonzalez notes § 2G2.2 has been "heavily criticized" by "federal district

---

[3] We review the imposition of a sentence under a deferential abuse of discretion standard, looking to both the procedural and substantive reasonableness of the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007). The burden is on the party challenging the sentence to show it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

court judges, federal defenders, [] other legal commentators," as well as "the Sentencing Commission itself."  But in *United States v. Cubero*, 754 F.3d 888 (11th Cir. 2014), we rejected the argument that critique of § 2G2.2 included in the Sentencing Commission's 2013 report to Congress, including concern that the current scheme "produces overly severe sentencing ranges for some offenders," is "influenced by congressional directives, fail[s] to reflect the Commission's traditional institutional expertise, and [is] not based on empirical evidence," rendered the district court's use of § 2G2.2 as an advisory guideline substantively or procedurally unreasonable.  *Id.* at 898-901; United States Sentencing Comm'n, *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012).  *Cubero*, which is binding precedent, controls.  The district court did not err by using § 2G2.2 to calculate Gonzalez's advisory sentencing range.

Second, Gonzalez contends his sentence is procedurally unreasonable because the district court failed to discuss the § 3553(a) factors.  The district court is not required to specifically state that it has considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors; rather, considering the parties' arguments pertaining to those factors and referring generally to the § 3553(a) factors is sufficient.  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account.").  Here,

the district court specifically stated that it had considered the parties' arguments and the statutory factors.  It also considered many facts related to the § 3553(a) factors, including: Gonzalez's pattern of conduct, his obstruction of justice, the fact that the child pornography Gonzalez possessed included sadistic and masochistic content, and the minor female's testimony that Gonzalez had sexually assaulted her when she was just nine years old.

Third, Gonzalez asserts the district court failed to explain its chosen sentence.  Not so.  At the outset of sentencing the district court stated that it believed a life sentence was warranted based on the nature of Gonzalez's conduct, his lack of respect for the law, and the danger he presented to society.  The district court later imposed the total sentence in a term of months, rather than as a life total sentence, based on the statutory maximums applicable to all of Gonzalez's convictions.  In overruling Gonzalez's objections, the district court discussed additional factors behind the total sentence, including Gonzalez's pattern of conduct, his obstruction of justice, the fact that the child pornography included sadistic content, and the minor female's testimony that Gonzalez had sexually assaulted her.  Although the district court's discussion was not detailed or lengthy, it adequately explained its chosen sentence.

In reviewing for substantive reasonableness, we consider the totality of the circumstances, asking whether the § 3553(a) factors support the sentence in

question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  We

will overturn a sentence only if we are "left with the definite and firm conviction

that the district court committed a clear error of judgment in weighing the

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160,

1190 (2010).

Gonzalez's total sentence was substantively reasonable.  As noted above, the

district court stated at the outset of sentencing that it felt a life term of

imprisonment was appropriate based on the nature of the conduct, Gonzalez's

disrespect for the law, and the danger he posed to society.  It also credited a

minor's testimony that Gonzalez sexually assaulted her on two occasions when she

was nine years old, and it found, in overruling Gonzalez's objection to the pattern

enhancement, that "a pattern of repetitive conduct" was apparent from the

information in the record.  It also found that Gonzalez was experienced with the

use of peer-to-peer programs and must have known that he was distributing child

pornography through his further use of these programs.  These considerations and

emphases were supported by the evidence.  Nothing in the record leaves us with

the "definite and firm conviction" that the total sentence was "outside the range of

reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.  In

sum, Gonzalez's 1,200-month total sentence was both procedurally and

substantively reasonable.  The judgment of the district court is

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 16, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  17-11018-FF
Case Style:  USA v. Manuel Gonzalez
District Court Docket No:  1:16-cr-20187-UU-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion